# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DOMONIQUE MAJOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TROY CAUDILL AND | § | _____ |
| GUIDRY'S CATFISH, INC., | § | |
| | § | |
| Defendants. | § | |

## INDEX OF MATTERS BEING FILED

**Exhibit**     **Name of Document**

1. Index of Matters Being Filed;

2. State Court Docket Sheet;

3. List of all counsel of record, including addresses, telephone numbers and parties represented

4. Plaintiff's Original Petition

5. Proof of Executed Process on Defendant Troy Caudill

6. Defendants' Original Answer

7. Proof of Executed Process on Defendant Guidry's Catfish, Inc.

8. Corporate Disclosure Statement

# EXHIBIT 2

# 2020-76135

**COURT:**    080th

**FILED DATE:**   11/25/2020

**CASE TYPE:**   Motor Vehicle Accident



### MAJOR, DOMONIQUE

Attorney: DESIMONE, DONALD G.

### vs.

### CLAUDILL, TROY

Attorney: MCTAGGART, DAVID JAMES

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMONIQUE MAJOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | _____ |
| TROY CAUDILL AND | § | |
| GUIDRY'S CATFISH, INC. | § | |
| | § | |
| Defendants. | § | |

## <u>LIST OF ALL COUNSEL OF RECORD</u>

SONIA B. ALFARO
SDTX Bar No. 2898190
DAVID J. McTAGGART
State Bar No. 00784582
MEADERS & ALFARO
Two Riverway, Suite 845
Houston, TX 77056
Telephone: (713) 403-3122
Facsimile: (855) 602-8224
Email: salfaro@meaderslaw.com
ATTORNEYS FOR DEFENDANTS
TROY CAUDILL AND GUIDRY'S
CATFISH, INC.


Donald G. DeSimone
DeSimone Law Office
4635 Southwest Freeway, Suite 850
Houston, Texas 77027
Email: ddesimone@desimonelawoffice.com
*Attorneys for Plaintiff*

# EXHIBIT 4

11/25/2020 12:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48427971
By: C Ougrah
Filed: 11/25/2020 12:33 PM

Cause No. _____

| | | |
|---|---|---|
| **Domonique Major** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **-VS-** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Troy Caudill and** | § | |
| **Guidry's Catfish, Inc.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Domonique Major files this Plaintiff's Original Petition with Request for Disclosures complaining of Defendants, Troy Caudill and Guidry's Catfish, Inc. and respectfully shows as follows:

### I.
### DISCOVERY PLAN LEVEL 2

Plaintiff requests that this lawsuit be governed by Discovery Plan Level 2 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.

### II.
### CLAIMS FOR RELIEF

Pursuant to Rule 47 C (3) in the Texas Rules of Civil Procedure, this lawsuit is for monetary relief over $100,000 but not more than $250,000.

### III.
### PARTIES

Plaintiff is an individual and resident of Harris County, Texas.

Defendant Troy Caudill is an individual resident of St. Martin Parish County, Texas. He may be served with citation at his usual place of residence at 1096 Anderson Highway, Breaux Bridge, LA 70517 or wherever he may be found.

Defendant Guidry's Catfish, Inc., is a corporation doing business in St. Martin Parish, County, Louisiana. This Defendant may be served with due process herein by serving its registered agent for service, Debra R. Guidry at 1145 Ches Courville Road, Breaux Bridge, LA 70517 or wherever she may be located.

## IV.
## JURISDICTION OF VENUE

This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, because the accident made the basis of this lawsuit occurred in Harris County at the time the cause of action accrued.

## V.
## FACTUAL BACKGROUND

This is a suit for negligence. On or about April 20, 2020, Plaintiff, Domonique Major was driving a 2016 Hyundai Sonata was traveling on Southwest Freeway in Harris County, Texas. Defendant Troy Caudill was driving a 2001 White Peterbuilt Tractor (owned by Guidry's Catfish, Inc.) was also traveling on Southwest Freeway and made an unsafe lane change, causing the collision. As a result of the collision, Plaintiff sustained serious personal bodily injuries.

## VI.
## CAUSES OF ACTION

Defendant Guidry's Catfish, Inc.. is liable for the actions of its employee, Troy Caudill, who was acting in the course and scope of his employment in furtherance of the business interests of Guidry's Catfish, Inc. On the occasion in question, Mr. Caudill, operated a commercial vehicle in a negligent manner, in that he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following particulars:

1.      In making an unsafe lane change;

2.      Driver inattention.

3.      Failing to timely apply the brakes to avoid collision with Plaintiff.

4.       In any combination of two or more of the above.

Additionally, and without waiving the foregoing, Defendant, Guidry's Catfish, Inc., Inc. were negligent in hiring Troy Caudill, and it was negligent in entrusting its vehicle to Defendant, Troy Caudill when they knew, or should have known, he was a reckless and/or irresponsible driver.

## VII
## DAMAGES

Because of her bodily injuries proximately caused by Defendants' negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

a.      past and future medical expenses;

b.      past and future physical pain; and

c.      past and future pain and suffering;

Claim No.: 20020000961

## VIII
## REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff(s) Request for Disclosure to Defendants. In addition, under Rule 190.2(b)(6), Defendants are requested to produce all documents, electronic information and tangible items that the Defendants has in their possession, custody or control and may use to support its claims or defenses.

## IX.
## PRAYER

Plaintiff prays that he has judgment against Defendants, jointly and severally for actual damages shown and proven at a trial, for prejudgment and post judgment interest, for cost of court and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,

DeSimone Law Office

By: */s/ Donald G. DeSimone*
Donald G. DeSimone
SBN: 05776710
4635 Southwest Freeway
Suite 850
Houston, Texas 77027
Email: ddesimone@desimonelawoffice.com
Phone#      (713) 526-0900
Fax#    (713) 526-8041
**Attorney for Plaintiff**

Cause No. _____

| | | |
|---|---|---|
| **Domonique Major** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **-VS-** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Troy Caudill and** | § | |
| **Guidry's Catfish, Inc.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, TROY CAUDILL

TO:   Defendant, **Troy Caudill** at 1096 Anderson Highway, Breaux Bridge, LA 70517 or wherever he
      may be found.

COMES NOW, **Domonique Major**, Plaintiff in the above-styled and numbered cause and

pursuant to the Texas Rules of Civil Procedure, propounds this his First Request for Production to

Defendant, **Troy Caudill**, and hereby requests that the following documents and/or tangible things be

produced for inspection and copying at the office of **DeSIMONE LAW OFFICE**, 4635 Southwest

Freeway, Suite 850, Houston, Texas 77027, fifty (50) days after service of this request.

Respectfully submitted,

DeSIMONE LAW OFFICE

**_/S/ Donald G. DeSimone_**
Donald G. DeSimone
Email: ddesimone@desimonelawoffice.com
TBN: 05776710
4635 Southwest Freeway
Suite 850
Houston, Texas 77027
(713) 526-0900
(713) 526-8041 (Facsimile)
**Attorney to Plaintiff**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, TROY CAUDILL

1. Any police report or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

2. Any documents, reports, or other written records pertaining or any investigation pertaining the incident made the basis of this lawsuit that is not privileged at law.

3. Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

4. Any written or recorded statements of the Plaintiff or Plaintiff's representatives regarding the occurrence in question or the damages resulting therefrom.

5. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person (whether a party to this lawsuit), regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

6. A copy of any surveillance movies or photographs that have been made of Plaintiff.

7. Any and all books, documents, photographs or other tangible things that may be used at the time of trial, which may have a bearing on this cause of action.

8. Any documents, photographs, or other physical evidence that will be used or offered at trial.

9. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

10. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request that you intend to offer into evidence at the trial of this case.

11. Any and all documents and tangible things whose production has not been requested pursuant to any other item or this request that you do not intend to offer into evidence at the trial of this case but my be used as demonstrative evidence at trial.

12. Copy of Defendant's Driver's License front and back.

13. Any damage appraisal of all vehicles involved in the accident made the basis of this lawsuit.

Claim No.: 2020000961

14.   Please produce all personal diaries, calendars, journals, logs, photos, cards, letters, albums or similar materials you may have kept relating to the "incident made the basis of this lawsuit" of your injuries/damages.

Cause No. _____

| | | |
|---|---|---|
| **Domonique Major** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **-VS-** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Troy Caudill and** | § | |
| **Guidry's Catfish, Inc.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT, TROY CAUDILL

TO:     Defendant, **Troy Caudill** at 1096 Anderson Highway, Breaux Bridge, LA 70517 or wherever he may be found.

COMES NOW, **Domonique Major**, Plaintiff in the above entitled and number cause,

and propounds the attached set of interrogatories to the Defendant, **Troy Caudill** and require that within

fifty (50) days after service of these interrogatories upon Defendant, that such Defendant answer the

same under oath, all as provided for under Rule 168 of the Texas Rules of Civil Procedure, to

supplement these answers if you later obtained information upon which:

      a.      You or your attorney know your answer to one or more of the attached interrogatories was

            incorrect or incomplete when made or,

      b.      You or your attorney knows that your answer to one or more of the attached interrogatories

            is no longer true and complete, and the circumstances are such that a failure to amend is in

            substance misleading.

Your responses to these Interrogatories, as supplemented, may be offered into evidence at the trial

of the above-styled and numbered cause.

In answering the following interrogatories, furnish such information as is available to you, your

agents, your representatives, and unless privileged, your attorney, and not merely such material as is in

your own personal possession.  Should you deem any question privileged or otherwise excludible from

discovery, then in addition to the information requested below, you are requested to state in detail the

grounds on which the claim of privilege in the exact Claim No.: 2020090961

## DEFINITIONS

As used in this set of Interrogatories, the following terms shall have the meanings described below, unless the context clearly indicates otherwise:

1.   "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2.   "Anyone acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators and consultants.

3.   "Persons" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4.   "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5.   "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or any other representation which would constitute a writing within the meaning of the Texas Rules of Evidence.

6.   "Set forth and identification" or "identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

7.   "This accident" or "this subject incident" or "the accident made the basis of this lawsuit" refers to the accident or the incident described in the complaint filed by Plaintiff unless the sentence indicates otherwise.

8.   "Your vehicle" or "this vehicle" refers to the vehicle of which you were the driver, owner, or occupant, that was involved in the accident or incident described in the complaint filed by Plaintiff.

9.   "Accident scene" or "accident site" refers to the geographic location where the accident or incident described in Plaintiff's complaint occurred.

10.   "Or" means and/or.   Claim No.: 2020000961

Respectfully submitted,


DeSimone Law Office



**_/s/ Donald G. DeSimone_**
DONALD G. DeSIMONE
SBN 05776710
Email: ddesimone@desimonelawoffice.com
4635 Southwest Freeway
Suite 850
Houston, Texas 77027
(713)526-0900
(713)526-8041 – facsimile
**Attorney for Plaintiff**

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, TROY CAUDILL

1. Please state the information of any and all drivers involved in this motor vehicle accident including their full names, residential address, phone numbers, date and place of birth, social security number, and Texas driver's license number.

   **ANSWER:**

2. Pursuant to Rule 192.3(d) of the Texas Rules of Civil Procedure, please state the name, address and telephone number of each person who is expected to be called to testify at trial.

   **ANSWER:**

3. If you were charged by any law enforcement authorities with the violation of any traffic regulations, as a result of the operation of your vehicle at the time of the accident in question, or just prior to the accident, state with regard to each such violation:

   a. the charge;

   b. the plea that you entered; and

   c. the disposition of the charge.

   **ANSWER:**

4. Have you ever been cited for any moving traffic violation in the past five years? If your answer is "yes", please state the date, nature, disposition (e.g. dismissal, conviction, plea or deferred adjudication) and date of disposition for each such citation.

   **ANSWER:**

5. Give an account of how the accident occurred, including the events leading up to the accident, your activities just prior to the accident, the street and lane in which you were riding or driving, the type of traffic controls in the area, the posted speed limit and the positions of all vehicles involved in the accident.

   **ANSWER:**

Claim No.:  2020000961

6.  Were there any obstructions to visibility for any of the operators of the vehicles involved in this collision at the time of or immediately before the collision in question which you contend was a factor or contributed to cause the collision in question?

**ANSWER:**

7.  If the defendant contends that the plaintiff was negligent in connection with the occurrence of the accident, state the nature and extent of the plaintiff's negligence.

**ANSWER:**

8.  If the defendant contends that the plaintiff's injuries were sustained as a result of any accident or injury that occurred either before or after the accident in question, set forth the facts, witnesses and documentation on which the defendant intends to rely in proving any such connection.

**ANSWER:**

9.  Do you contend that Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages?  If your answer is "yes", please state all facts supporting such contention.

**ANSWER:**

10. State whether or not you have been convicted of a crime involving moral turpitude or a felony within ten (10) years of the date these answers are filed, and if so, please state the date, location and circumstances surrounding each conviction, the nature of the charge, and the ultimate disposition of the case.

**ANSWER:**

Claim No.: 2020000961

11. State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision, and name the persons or entities involved and describe the type of relationship between the persons or entities involved and yourself.

**ANSWER:**

12. State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the twenty-four (24) hour period immediately preceding the collision.

**ANSWER:**

13. Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

**ANSWER:**

14. Describe in detail what injuries, if any, you received in the collision.

**ANSWER:**

15. Describe in detail any conversations you have had with the plaintiff or plaintiff's representative following the collision in question.

**ANSWER:**

## VERIFICATION

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

      BEFORE ME, the undersigned authority on this day personally appeared **Troy Caudill** , known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories and after having been duly sworn, stated under oath that he is the Defendant in the above captioned case, that he has read the foregoing Answers to Interrogatories and that they are true and correct.

_____

**Troy Caudill**

      SWORN TO AND SUBSCRIBED before me by the said **Troy Caudill**   on this the _____ day of _____, 2020.

_____

Notary Public in and for the State of Texas

Claim No.:  2020000961

Cause No. _____

| | | |
|---|---|---|
| **Domonique Major** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **-VS-** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Troy Caudill and** | § | |
| **Guidry's Catfish, Inc.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT, Guidry's Catfish, Inc.

TO:    Defendant, **Guidry's Catfish, Inc.** and may be served with due process herein by serving their registered agent for service, Debra R. Guidry at 1145 Ches Courville Road, Breaux Bridge, LA 70517 or wherever she may be located.

COMES NOW, Domonique Major, Plaintiff in the above entitled and number cause, and

propounds the attached request for production to the Defendant, Guidry's Catfish, Inc., and require

that within fifty (50) days after service of these interrogatories upon Defendant, that such Defendant

answer the same under oath, all as provided for under Rule 168 of the Texas Rules of Civil Procedure,

to supplement these responses if you later obtained information upon which:

      a.     You or your attorney know your response to one or more of the attached production

             was incorrect or incomplete when made or,

      b.     You or your attorney knows that your answer to one or more of the attached production

             is no longer true and complete, and the circumstances are such that a failure to amend is

             in substance misleading.

Your responses to these productions, as supplemented, may be offered into evidence at the trial

of the above-styled and numbered cause.

In answering the following production, furnish such information as is available to you, your

agents, your representatives, and unless privileged, your attorney, and not merely such material as is in

your own personal possession.  Should you deem any question privileged or otherwise excludible

from discovery, then in addition to the information requested below, you are requested to state in

detail the grounds on which the claim of privilege or other exclusion rests.

## DEFINITIONS

As used in this set of production, the following terms shall have the meanings described below, unless the context clearly indicates otherwise:

1. "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2. "Anyone acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators and consultants.

3. "Persons" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4. "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5. "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or any other representation which would constitute a writing within the meaning of the Texas Rules of Evidence.

6. "Set forth and identification" or "identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

7. "This accident" or "this subject incident" or "the accident made the basis of this lawsuit" refers to the accident or the incident described in the complaint filed by Plaintiff unless the sentence indicates otherwise.

8. "Your vehicle" or "this vehicle" refers to the vehicle of which you were the driver, owner, or occupant, that was involved in the accident or incident described in the complaint filed by Plaintiff.

Claim No.: 2020000961

9.     "Accident scene" or "accident site" refers to the geographic location where the accident

or incident described in Plaintiff's complaint occurred.

10.    "Or" means and/or.

Respectfully submitted,

DeSimone Law Office

*/s/ Donald G. DeSimone*
DONALD G. DeSIMONE
ddesimone@desimonelawoffice.com
SBN 05776710
4635 Southwest Freeway, Suite 850
Houston, Texas 77027
(713)526-0900
(713)526-8041 – facsimile
**Attorney for Plaintiff**

## DEFINITIONS AND REQUEST FOR PRODUCTION

**1.** As used herein, the terms "you" **and "your"** shall mean **Guidry's Catfish, Inc.**, Defendant, its departments, agencies, and subdivisions, its employees, drivers, independent contractors, owner/operators, trip lessors and its' attorneys, investigators, brokers, agents, or any other representatives.

**2.** As used herein, the term **"documents"** shall mean all writings of every kind, source and authorship, both originals and all non identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

A document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

**3.** **"Person" or "persons"** means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

**4.** **Accident:** Unless otherwise defined in a specific request, the term "Accident", as used herein, means the accident forming the basis for this suit.

Claim No.: 2020000961

5.      **Accident Files and Records:** The term **"Accident Files and Records",** as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents, letters to or from or records and reports required from the Defendant by other organizations, state and/or Federal governmental agencies.

6.      **Co-Driver:** As used herein **"Co-Driver"** means any person(s) driving or riding with Jose Garcia from time to time in over-the-road motor carrier equipment, owned or operated by the Defendant, and from time to time working for or with Jose Garcia in the capacity of a co-driver and/or driver trainer.

7.      **Driver:** As used herein, the term **"Driver or Drivers"** means any person employed, or contracted for or with, by Defendant, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to the Defendant and drivers by any other person or organization who perform driving services for or on behalf of Texas Construction Company.

8.      **Driver's Qualification File:** As used herein, the term **"Driver's Qualification File",** means those records specifically required by the FMCSR Part 382, 383 and 391 (see Definitions "15" and "16") to be created and maintained by Texas Construction Company, on any driver who performs services or work for or on behalf of Texas Construction Company, For your convenience, a basic description and definition of the documents requested is shown in sub-definitions "F-1 through F- 13", found in request number 2 herein, which are incorporated in this definition by reference. The definition does not include those documents defined in Definition "G" or other definitions found herein.

9.      **Driver's Personnel File:** The term **"Driver's Personnel File",** as used herein, means any and all files, records, communications or documents created by a driver, Texas Construction Company, or any other person or organization that contains documents directed to, received from or about a driver (see Definition "E"). For your convenience, a basic description and definition of the documents required are shown in sub-definitions "G-1 through G-5" found in request number 4 herein, which are incorporated in this definition by reference. This definition does not include those documents found in Definition "F" or other definitions herein.

10.  **Trip-Operational Documents:** The term "Trip", as used herein, is defined as the transportation and/or movement of one load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel empty or unloaded from that destination point to the next point or location of loading, end of trip or new trip origin. The meaning of the term **"Operational Documents",** as used herein, is clearly defined in sub-definitions "H-1 through f1-7" found in request number "1" herein for your convenience, which are incorporated in this definition by reference and are applicable to the records generated for each trip made by Jose Garcia during the time period requested.

11.  **Tractor:** The term "Tractor", as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by Jose Garcia at the time the accident occurred.

**12.   Trailer:** The term **"Trailer",** as used herein, unless otherwise defined in a specific request herein, means any Trailer that may have been attached to the power unit being operated by Jose Garcia on the date of the accident.

**13.   Hours of Service Records:** As used herein, the term **"Hours of Service Records",** means any and all documents created in reference to the FMCSR Part 395 (see definitions "15" and "16"), including, but not limited to, driver's record of duty status or driver's daily logs, time worked cards or other time work records or summaries, Texas Construction Company, administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising Defendant of hours of service violations. This specifically includes all advice, reprimands or warnings given or sent to Jose Garcia or any of his co-driver(s) for violations of the FMCSR Part 395 (see definitions "15" and "16"), "Hours of Service of Drivers" Regulations created by or on behalf of Texas Construction Company.

**14.   Maintenance Files and Records:** As used herein, the term **"Maintenance Files and Records",** means those documents required to be created and/or maintained by Texas Construction Company, in accordance with the FMCSR Part 396 (see Definitions "15" and "16"), "Inspection, Repair and Maintenance." This includes, but is not limited to, all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendant or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of Defendant on the Tractor or Trailer as defined in Definitions "11" and "12" herein. This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of Defendant.

**15. CFR, Title 49, Parts 382 through 397:** As used herein, **"CFR Title 49"** means the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B- Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to *as* "FMCSR, Parts 382, 383, 385, 387, 391, 392, 393, 395, 396, or 397."

**15.   FMCSR:** As used herein, **"FMCSR'** means the "Federal Motor Carrier Safety Regulations" as defined in Definition — herein.

**16.   FOMCHS:** As used herein, **"FOMCHS"** means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definition "15" and "16" herein.

**17.   TXMCSR:** As used herein, "TXMCSR" means the "State of Texas Motor Carrier Safety Regulations" as adopted by the Texas Department of Public Safety in effect on the date of the accident. These rules are basically the same as the Federal Motor Carrier Safety Regulation as defined in Definitions "15",, "16" and "17", herein and are applicable to motor carriers within the state of Texas.

18.    **Complete and Clearly Readable Copies:** As used herein, the terms **"Complete and clearly readable copies"** means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person. Plaintiffs request that each document that is reproduced by copy methods to satisfy this request, be produced on one page (one document per page), separate and apart from all other documents produced. If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiffs request the originals be produced for purposes of viewing and copying by the Plaintiffs. The originals will be timely returned to the producing defendant.

19. **HMR:** As used herein, "HMR" means the "Hazardous Materials Regulation", Parts 170 through 179, found in the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Subtitle B-other regulations relating to Transportation titled "The Hazardous Materials Regulations" in effect on the date of the accident in question, hereinafter referred to as "HMR Part 170, 171, 172, 173, 177, or 178. These rules have also been accepted by The State of Texas as set forth in definition "17" found herein.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined hereinabove is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT, Guidry's Catfish, Inc.

1.     A copy of the title to the vehicle that Troy Caudill was driving at the time in question.

2.     Any and all photographs that Defendant has of the vehicle in question for the six months prior to and following the collision.

3.     A copy of any damage appraisal made of Defendant's vehicle.

4.     A copy of any repair invoice of Defendant's vehicle;

5.     Any and all drawings, maps or sketches of the scene of the accident that has been made the basis of this lawsuit.

6.     Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

7.     A copy of any surveillance videos, movies or photographs that have been made of Plaintiff.

8.     Any and all photographs that Defendant has of the vehicles involved in the collision in question.

9.     Any and all photographs that Defendant has of the scene of the accident or any other matter relating to this case.

10.    A copy of any movies, videotape or other reproduction of the accident scene.

11.    A copy of any survey or plat made of the accident scene.

12.    A copy of any and all training procedures issued to drivers of the person or entity for whom Troy Caudill was working at the time of the incident made the basis of this lawsuit.

13.    Any and all copies of employment contracts, general leasing agreements as required by Section 376.11 of the Federal Motor Carrier Safety Regulations, or any other form of agreement entered into between Troy Caudill with the person or entity that employed him at the time of the incident made the basis of this lawsuit for all or part of the calendar years **2016, 2017, 2018, 2019, and 2020.**

14.    A copy of the entire contents of the employment file of Troy Caudill that was kept by the person or entity that employed him at the time of the incident made the basis of this lawsuit.

15.    Any and all applications for employment with the person or entity that employed Defendant at the time of the incident made the basis of this lawsuit you regarding Troy Caudill  as required by Section 391.21 of the Federal Motor Carrier Safety Regulations.

16.   Any and all copies and/or results of all investigations and inquires done by you regarding Troy Caudill as required by Section 391.23 of the Federal Motor Carrier Safety Regulations.

17.   Troy Caudill driver qualifications file as required by Section 391.51 of the Federal Carrier Safety Regulations.

18.   The annual review conducted by you of Troy Caudill 's driving record for the years **2018, 2019, and 2020** as required by Section 391.25 of the Federal Motor Carrier Safety Regulations.

19.   Any records of violations of motor vehicle traffic laws and ordinances by Troy Caudill while employed by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Section 391.27 of the Federal Motor Carrier Safety Regulations.

20.   The tests and results of any road tests given to Troy Caudill by the person or entity that employed her at the time f the incident made the basis of this lawsuit as required by Section 391.31 of the Federal Motor Carrier Safety Regulations.

21.   A copy of Troy Caudill's certificate of driver's road test as required by Section 391.31 of the Federal Motor Carrier Safety Regulations.

22.   A copy of Troy Caudill 's Texas Commercial Driver's License as required by Section 391.33 of the Federal Motor Carrier Safety Regulations

23.   Copies of the results of any pre-employment test for controlled substances administered to Troy Caudill by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Sections 382.301 of the Federal Motor Safety Regulations.

24.   The results of any post-accident test for alcohol and/or controlled substances administered to Troy Caudill after the accident made the basis of this lawsuit as required by Section 382.303 of the Federal Motor Carrier Safety Regulations.

25.   The results of any random alcohol and controlled substance testing administered to Troy Caudill pursuant to Section 382.305 of Federal Motor Carrier Safety Regulations.

26.   The results of any random alcohol and controlled substance testing administered to Troy Caudill because of reasonable suspicion pursuant to Section 382.307 of the Federal Motor Carrier Safety Regulations.

27.   All documents regarding Troy Caudill's driver's records of duty status including the graph grid for each of the seven (7) days prior to the accident on **JUNE 28, 2020**, as required by Section 395.8 of the Federal Motor Carrier Safety Regulations.

28.   All documents regarding the daily driver vehicle inspection reports for the two (2) weeks prior to and including the date of this accident as required by Section 396.11 of the Federal Motor Carrier Safety Regulations.

29.  Any and all documents regarding the periodic inspections done on the vehicle involved in this accident which made the basis of this suit as required by Section 396.17 and 396.21 of the Federal Motor ?Carrier Safety Regulations.

30.  Any and all document, including log books, lists, and records, that detail the type of cargo or load which was on the vehicle involved in the accident made the basis of this suit the day the accident occurred.

31.  Any and all documents showing that the braking system installed on the truck driven by Troy Caudill involved in the accident in question conforms with Sections 393.40 and .393.42 of the Federal Motor Carrier Safety Regulations.

32.  Any driver regulations and/or standards produced by or adopted by Troy Caudill as its own company regulations and/or standards.

Cause No. _____

| | | |
|---|---|---|
| **Domonique Major** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **-VS-** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Troy Caudill and** | § | |
| **Guidry's Catfish, Inc.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROTATORIES TO DEFENDANT, Guidry's Catfish, Inc.

TO:   Defendant, **Guidry's Catfish, Inc..** and may be served with due process herein by serving its registered agent for service, Debra R. Guidry at 1145 Ches Courville Road, Breaux Bridge, LA 70517 or wherever she may be located.

COMES NOW, Domonique Major, Plaintiff in the above entitled and number

cause, and propounds the attached set of interrogatories to the Defendant, **Guidry's Catfish,**

**Inc.**, and require that within fifty (50) days after service of these interrogatories upon

Defendant, that such Defendant answer the same under oath, all as provided for under Rule 168

of the Texas Rules of Civil Procedure, to supplement these answers if you later obtained

information upon which:

a.      You or your attorney know your answer to one or more of the attached

interrogatories was incorrect or incomplete when made or,

b.      You or your attorney knows that your answer to one or more of the attached

interrogatories is no longer true and complete, and the circumstances are such

that a failure to amend is in substance misleading.

Your responses to these Interrogatories, as supplemented, may be offered into evidence

at the trial of the above-styled and numbered cause.

In answering the following interrogatories, furnish such information as is available to

you, your agents, your representatives, and unless privileged, your attorney, and not merely

such material as is in your own personal possession.   Should you deem any question privileged

or otherwise excludible from discovery, then in addition to the information requested below,

you are requested to state in detail the grounds on which the claim of privilege or other exclusion rests.

**DEFINITIONS**

As used in this set of Interrogatories, the following terms shall have the meanings described below, unless the context clearly indicates otherwise:

1. "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2. "Anyone acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators and consultants.

3. "Persons" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4. "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5. "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or any other representation which would constitute a writing within the meaning of the Texas Rules of Evidence.

6. "Set forth and identification" or "identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

Claim No.: 2020000961

7.      "This accident" or "this subject incident" or "the accident made the basis of this

lawsuit" refers to the accident or the incident described in the complaint filed by

Plaintiff unless the sentence indicates otherwise.

8.      "Your vehicle" or "this vehicle" refers to the vehicle of which you were the

driver, owner, or occupant, that was involved in the accident or incident

described in the complaint filed by Plaintiff.

9.      "Accident scene" or "accident site" refers to the geographic location where the

accident or incident described in Plaintiff's complaint occurred.

10.     "Or" means and/or.




                        Respectfully submitted,


                        DeSimone Law Office


                        **_/s/ Donald G. DeSimone_**
                        DONALD G. DeSIMONE
                        ddesimone@desimonelawoffice.com
                        SBN 05776710
                        4635 Southwest Freeway, Suite 850
                        Houston, Texas 77027
                        (713)526-0900
                        (713)526-8041 – facsimile
                        **Attorney for Plaintiff**

## INSTRUCTIONS AND DEFINITIONS

1. "You" and "Your" refer to Defendant, and its representatives and agents.

2. "Identify," when used with respect to an individual, seeks the individual's name, last known home address, last known business address, social security number, if known, and place of employment.

3. "Identify," when used with respect to a business, seeks the name of the business, street address of the business, telephone number of the business, and the identity of the individual who was your most significant contact at such business.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, Guidry's Catfish, Inc.

**INTERROGATORY NO. 1:**

Please identify each person answering these interrogatories on your behalf. Include in your answer each person who provided any information which was used in the compilation of these answers and explain each such person's contribution.

**ANSWER:**

**INTERROGATORY No. 2:**

Describe in detail how the occurrence made the basis of this lawsuit happened, stating all events relating to the occurrence in their sequential order, identifying all participants to the occurrence, and describing in detail any acts or omissions of the plaintiff that you allege contributed to the occurrence.

**ANSWER:**

**INTERROGATORY No. 3:**

If you claim that the conduct of the plaintiff, or any other person or entity, caused or contributed to cause the incident made the basis of this lawsuit or the plaintiff's injuries, please detail each and every such allegation.

**ANSWER:**

**INTERROGATORY NO. 4:**

Describe in detail any conversations, communications that you have had with the plaintiff or plaintiffs representative, or statements taken from the Plaintiff. For each such communication please state:

    a.    the date of each such statement;

    b.    the name and address of the person to whom each such statement was given;

    c.    the name and address of each person present at the time of each statement; and

    **d.**    the contents or substance of each such statement in complete detail.

**ANSWER:**

Claim No.: 2020000961

**INTERROGATORY No. 5:**

Describe your relationship with **Troy Caudill** as it existed at the time of the collision made the basis of this suit and as it exists today. Your answer should include a statement of whether **Mr. Caudill** was employed by you, when he began his employment with you, whether **Mr. Caudill** was an independent contractor, whether the occasions in the past in which you had contracted with him and a complete description of any document that describes your relationship, i.e., employment agreement, independent contractor agreement, indemnity agreement, etc.

**ANSWER:**

**INTERROGATORY No. 6:**

Describe in detail the usual and customary hours that Defendant **Troy Caudill** worked, including the days and times, for the period of time beginning one year before the collision made the basis of this suit and ending six months after the collision made the basis of this suit.

**ANSWER:**

**INTERROGATORY No. 7:**

If you have been a party to litigation filed by a person alleging damages for personal injuries or by a governmental entity during the last 10 years, identify the cause number, all parties, court, date of filing, resolution, and briefly describe the factual basis of all such claims.

**ANSWER:**

**INTERROGATORY No. 8:**

Identify all other persons who have made a claim against you arising out of the incident made the basis of Plaintiffs' Original Petition.

**ANSWER:**

**INTERROGATORY No. 9:**

Describe in detail all physical damage that your vehicle suffered in the collision made the basis of this suit. Your answer should include the cost of any repairs made or estimates of any repairs that could be made to your vehicle, and the identity(ies) of any person or entity that made such repairs to your vehicle.

**ANSWER:**

Claim No.: 2020000961

**INTERROGATORY NO. 10:**

Describe the manner in which you compensate your drivers i.e., by the hour, by the mile traveled, by the load, by commission, by straight salary, or explain any other method used) and any variations as to Defendant **Troy Caudill's** pay for the load that was involved in the collision at issue.

**ANSWER:**

**INTERROGATORY NO. 11:**

State your policy with respect to retention and destruction of driver's logs and trip receipts and explain any differences between that policy and the manner in which the Defendant **Troy Caudill's** logs and trip receipts for the trip in question were treated.

**ANSWER:**

**INTERROGATORY No. 12:**

State your policy with respect to the operational speeds for your truck and explain exactly how you enforce compliance.

**ANSWER:**

**INTERROGATORY No. 13:**

State your policy with respect to having your drivers report their accidents and explain what they are supposed to do with respect to helping persons who have been injured, protecting their equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders, and all other actions and inactions required.

**ANSWER:**

**INTERROGATORY No. 14:**

Identify each person who was employed by your company or contracted by your company both at the time of the accident in question and the time that these interrogatories are answered, who has knowledge of your company's safety policies and operations, investigation of the accident in question, maintenance and repair of the truck in question, movement of the truck and its loads, and maintenance of company records, including at least the following persons:

a.      Safety Director

b.      Director of Fleet Safety Program

c.      Medical Review Officers

d.      Director of Employee Assistance Program

e.      Personnel Director

f.      Dispatcher(s) who dispatched the rig from the time it left home base on the date of the collision until the time of the accident

g.      Mechanic(s) who worked on the tractor and trailer for the six months preceding the accident

h.      **Troy Caudill**'s immediate supervisor

i.      Person(s) who administered both the driving test and the written test as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 39131 and 391.35 to Defendant **Troy Caudill**.

j.      Other persons on board the rig in question at the time of the accident

k.      Insurance loss control expert from any carriers insurance company who has inspected your operations

l.      President

m.      Chairman of the Board

n.      Chief Executive Officer

o.      Officer or official in charge of operational safety

p.      Person(s) who investigate the accident in question for you.

**ANSWER:**

**INTERROGATORY No. 15:**

With respect to the rig involved in the accident, give its complete configuration including at least the following information).

    a.      style of cab

    b.      weight of tractor

    c.      empty weight of tractor

    d.      what the load was at the time of the accident

    e.      the weight of the load at the time of the accident

    f.      length, width, and height of the tractor in

    g.      question length, width, and height of the trailer in

    h.      question licenses held by the tractor

    i.      licenses held by the trailer

    j.      the make and model of the cab

    k.      the make, model and horsepower of the

    l.      engine the make model and gear ratio of the m.

              rear end the make and model of transmission

    n.      the make, model and type of axles

    o.      the speed potential of the rig *as* configured

    p.      the make and model of the trailer

    q.      the maximum weight recommended to be carried in the trailer by the manufacturer

    r.      the make(s), model(s), and type(s) of all the brakes located on the rig

    s.      the make and model of the fifth wheel

    t.      the makes and sizes of all the tires and mileage on the steering tires

u.      all changes from the original configuration (with an explanation as to why each change was implemented)

v.      identity, including address, of the person or entity from whom the rig was purchased

w.      make and model of governor on the tractor, as well as speed at which governor is set to regulate

x.      the make and model of each of the following that may have been on board the tractor in question at the time of the accident:

     1.      radar detector
     2.      fax machine
     3.      telephone
     4.      beeper
     5.      tachometer
     6.      computer
     7.      sound system

**ANSWER:**

THE STATE OF TEXAS       §
                                §
COUNTY OF HARRIS       §


BEFORE ME, the undersigned authority on this day personally appeared **Guidry's Catfish, Inc.**, known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories and after having been duly sworn, stated under oath that he is the Defendant in the above captioned case, that he has read the foregoing Answers to Interrogatories and that they are true and correct.


_____

**Guidry's Catfish, Inc.**


SWORN TO AND SUBSCRIBED before me by the said **Guidry's Catfish, Inc.** on this the _____ day of _____, 2020.


_____

Notary Public in and for the State of Texas

From:          To:1-570-822-2165     11/30/2020 13:56    #299 P.001/035

# DeSIMONE LAW OFFICE
### 4635 SOUTHWEST FRWY., SUITE 850
### HOUSTON, TEXAS 77027

DONALD G. DeSIMONE                                  Tel: (713)526-0900
RONALD J. DeSIMONE                                 Fax: (713)526-8041

Monday, November 30, 2020

Baldino Vinciarelli
Chubb Penn Millers Insurance Company
***Via facsimile: 1-570-822-2165***
***Baldino.vinciarelli@chubbagribusiness.com***

**Re:**       ***Cause No. 2020-76135; Dominique Major vs. Troy Caudill and Guidry's***
           ***Catfish, Inc.; In the 80th Judicial District Court of Harris County, Texas***

       D/Loss:      06/28/2020
       Our Client:   Dominique Major - 116038
       Claim No.:   2020000961
       Insured:     Guidry's Catfish, Inc.

Dear Baldino Vinciarelli:

     Please find enclosed a copy of the Plaintiff's Original Petition that has been e-filed with the Civil Court.

     If you should have any questions, please feel free to contact me at any time.

             Sincerely,

             *Donald G. DeSimone*

             Donald G. DeSimone

DGD/eg
Enclosure(s)

# EXHIBIT 5

12/3/2020 8:39 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48586565
By: Keeley Hodgins
Filed: 12/3/2020 8:39 AM

Receipt Number: 884722
Tracking Number: 73815540

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202076135

PLAINTIFF: MAJOR, DOMONIQUE                    In the 080th Judicial

vs.                                            District Court of

DEFENDANT: CLAUDILL, TROY                      Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: CLAUDILL, TROY
1096 ANDERSON HIGHWAY
BREAUX BRIDGE LA 70517

OR WHEREVER HE MAY BE FOUND

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES
REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES.

This instrument was filed on November 25, 2020, in the above numbered and styled
cause on the docket in the above Judicial District Court of Harris County, Texas, in
the courthouse in the City of Houston, Texas. The instrument attached describes the
claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
November 25, 2020.

                                        Marilyn Burgess, District Clerk
                                        Harris County, Texas
                                        201 Caroline, Houston, Texas 77002

                                        Generated By: CHANCESAS OUGRAH

Issued at request of:
DeSimone, Donald G.
4635 SOUTHWEST FREEWAY, SUITE 850
HOUSTON, TX  77027
713-526-0900 x2223

Bar Number: 05776710

Tracking Number: 73815291
EML

CAUSE NUMBER: 202076135

PLAINTIFF: MAJOR, DOMONIQUE                    In the 080th

    vs.                                         Judicial District Court

DEFENDANT: CLAUDILL, TROY                      of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____ M., on the _____ day of _____, 20____.

Executed at (address) _____
in _____ County

at _____ o'clock ____. M., on the _____ day of _____, 20____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20____.

FEE: $ _____

                                   _____ of _____

County, Texas

_____                     By: _____
            Affiant                                                 Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20____.

_____
                         Notary Public

CAUSE NO. 202076135

| | | |
|---|---|---|
| MAJOR, DOMONIQUE | § | IN THE 80TH |
| | § | |
| Plaintiff, | § | |
| VS. | § | JUDICIAL DISTRICT COURT |
| | § | |
| CLAUDILL, TROY | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Steve Regan** who, being by me duly sworn, deposed and said:

"The following came to hand on **Nov 30, 2020, 12:44 pm**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,**

and was executed at **1093 Henderson Hwy, Breaux Bridge, LA 70517** within the county of **Saint Martin** at **09:45 AM** on **Wed, Dec 02 2020**, by delivering a true copy to the within named

**TROY CLAUDILL (AKA TROY CAUDILL)**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Louisiana. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct.


_____
Steve Regan

**BEFORE ME**, a Notary Public, on this day personally appeared **Steve Regan**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  _12-3-20_


_____
Notary Public, State of Louisiana

OFFICIAL SEAL
PAUL J. GUILLIOT
NOTARY ID #06574
NOTARY PUBLIC
LAFAYETTE PARISH
COMMISSIONED FOR LIFE

Receipt Number: 884722
Tracking Number: 73815291

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202076135

PLAINTIFF: MAJOR, DOMONIQUE         In the 080th Judicial

vs.         District Court of

DEFENDANT: CLAUDILL, TROY         Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: CLAUDILL, TROY
1096 ANDERSON HIGHWAY
BREAUX BRIDGE LA 70517
OR WHEREVER HE MAY BE FOUND

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES.

This instrument was filed on November 25, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 25, 2020.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHANCESAS OUGRAH

Issued at request of:
DeSimone, Donald G.
4635 SOUTHWEST FREEWAY, SUITE 850
HOUSTON, TX  77027
713-526-0900 x2223

Bar Number: 05776710

Tracking Number: 73815291
EML

CAUSE NUMBER: 202076135

| | |
|---|---|
| PLAINTIFF: MAJOR, DOMONIQUE | In the 080th |
| vs. | Judicial District Court |
| DEFENDANT: CLAUDILL, TROY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____ M., on the _____ day of _____, 20 ___ .

Executed at (address) _____

in _____ County

at _____ o'clock ____. M., on the _____ day of _____, 20 ___ ,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 ___ .

FEE: $ _____

_____

_____ of _____

County, Texas

_____   By: _____

Affiant                                  Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 ___

_____

Notary Public

## CAUSE NO. 202076135

| | | |
|---|---|---|
| MAJOR, DOMONIQUE | § | IN THE 80TH |
| | § | |
| Plaintiff, | § | |
| VS. | § | JUDICIAL DISTRICT COURT |
| | § | |
| CLAUDILL, TROY | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Steve Regan** who, being by me duly sworn, deposed and said:

"The following came to hand on **Nov 30, 2020, 12:44 pm**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,**

and was executed at **1093 Henderson Hwy, Breaux Bridge, LA 70517** within the county of **Saint Martin** at **09:45 AM** on **Wed, Dec 02 2020**, by delivering a true copy to the within named

**TROY CLAUDILL (AKA TROY CAUDILL)**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Louisiana.  I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct.

_____
**Steve Regan**

**BEFORE ME**, a Notary Public, on this day personally appeared **Steve Regan**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON _12-3-20_

_____
Notary Public, State of Louisiana

OFFICIAL SEAL
PAUL J. GUILLIOT
NOTARY ID #06574
NOTARY PUBLIC
LAFAYETTE PARISH
COMMISSIONED FOR LIFE

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT 6

12/23/2020 7:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49218768
By: ALEX CASARES
Filed: 12/23/2020 7:01 PM

CAUSE NO. 202076135

| | | |
|---|---|---|
| DOMONIQUE MAJOR, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TROY CAUDILL AND | § | |
| GUIDRY'S CATFISH, INC., | § | |
| | § | |
| Defendants. | § | 80TH JUDICIAL DISTRICT |

### DEFENDANTS TROY CAUDILL AND GUIDRY'S CATFISH, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants Troy Caudill and Guidry's Catfish, Inc. ("Defendants") file this, their Original Answer to Plaintiff Domonique Major's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, Defendants hereby enter a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations that she has made against Defendants.

### II.
### DESIGNATED E-SERVICE MAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a):  **efiling@meaderslaw.com**.  This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendants Troy Caudill and Guidry's Catfish, Inc., pray that upon final hearing of this cause, the Court enters judgment that Plaintiff Domonique Major takes nothing of and from Defendants.

Respectfully Submitted,

*David J. McTaggart*

**DAVID J. McTAGGART**
State Bar No. 00784582
**MEADERS & ALFARO**
2 Riverway, Suite 845
Houston, TX  77056
Telephone: (713) 403-3123
Facsimile: (855) 602-8224
*Eservice: efiling@meaderslaw.com*
Email:  david.mctaggart@meaderslaw.com

**ATTORNEYS FOR DEFENDANTS
TROY CAUDILL AND GUIDRY'S
CATFISH, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all known counsel of record on the 23rd day of December, 2020 via electronic service in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Donald G. DeSimone
DESIMONE LAW OFFICE
4635 Southwest Freeway, Suite 850
Houston, Texas 77027
Email:  ddesimone@desimonelawoffice.com
*Attorneys for Plaintiff*

**DAVID J. McTAGGART**

# EXHIBIT 7

CAUSE NO. 202076135

COPY OF PLEADING PROVIDED BY PLT

12/3/2020 8:36 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48586430
By: Keeley Hodgins
Filed: 12/3/2020 8:36 AM

RECEIPT NO: 884722  TRACKING NO: 73815285
EML

| Plaintiff: | In The 080th |
| MAJOR, DOMONIQUE | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| CLAUDILL, TROY | Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:     GUIDRY'S CATFISH INC (CORPORATION) BY SERVING ITS REGISTERED AGENT DEBRA R GUIDRY**
**1145 CHES COURVILLE ROAD, BREUX BRIDGE LA 70517**
**OR WHEREVER SHE MAY BE LOCATED**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

This instrument was filed on November 25, 2020 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 25, 2020, under my hand and seal of said court.

Issued at the request of:

DeSimone, Donald G.
4635 SOUTHWEST FREEWAY, SUITE 850
HOUSTON, TX  77027
713-526-0900 x2223
Bar Number: 05776710

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANCESAS OUGRAH

Tracking Number: 73815285

EML

**CAUSE NUMBER: 202076135**

| | |
|---|---|
| **PLAINTIFF: MAJOR, DOMONIQUE** | **In the 080th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: CLAUDILL, TROY** | **Harris County, Texas** |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____ By_____
           Affiant                                                           Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

## CAUSE NO. 202076135

| MAJOR, DOMONIQUE | § | IN THE 80TH |
| | § | |
| Plaintiff, | § | |
| VS. | § | JUDICIAL DISTRICT COURT |
| | § | |
| CLAUDILL, TROY | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Steve Regan** who, being by me duly sworn, deposed and said:

"The following came to hand on **Nov 30, 2020, 12:44 pm**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,**

and was executed at **1093 Henderson Hwy, Breaux Bridge, LA 70517** within the county of **Saint Martin** at **09:30 AM** on **Wed, Dec 02 2020**, by delivering a true copy to the within named

**GUIDRY'S CATFISH INC BY DELIVERING TO ITS VICE-PRESIDENT, SANDRA GUIDRY ROBERTSON**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Louisiana. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_____

Steve Regan

**BEFORE ME,** a Notary Public, on this day personally appeared **Steve Regan**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON** _12-3-20_

_____
Notary Public, State of Louisiana

OFFICIAL SEAL
PAUL J. GUILLIOT
NOTARY ID #06574
NOTARY PUBLIC
LAFAYETTE PARISH
COMMISSIONED FOR LIFE

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 202076135

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 884722  TRACKING NO: 73815285
EML

| | |
|---|---|
| Plaintiff: | In The 080th |
| MAJOR, DOMONIQUE | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| CLAUDILL, TROY | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:    GUIDRY'S CATFISH INC (CORPORATION) BY SERVING ITS REGISTERED AGENT DEBRA R GUIDRY**
**1145 CHES COURVILLE ROAD, BREUX BRIDGE LA 70517**
**OR WHEREVER SHE MAY BE LOCATED**

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

This instrument was filed on November 25, 2020 in the above cited cause number and court.  The instrument attached describes the claim against you.

        **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

        This citation was issued on November 25, 2020, under my hand and seal of said court.

Issued at the request of:

DeSimone, Donald G.
4635 SOUTHWEST FREEWAY, SUITE 850
HOUSTON, TX  77027
713-526-0900 x2223
Bar Number: 05776710

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANCESAS OUGRAH

Tracking Number: 73815285

EML

## CAUSE NUMBER: 202076135

PLAINTIFF: MAJOR, DOMONIQUE

vs.

DEFENDANT: CLAUDILL, TROY

In the 080th

Judicial District Court of

Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____ **Affidavit of Service Attached** _____

in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation

together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said

copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____ By_____

Affiant                          **Affidavit of Service Attached**                          Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was

executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____

Notary Public

## CAUSE NO. 202076135

| | | |
|---|---|---|
| MAJOR, DOMONIQUE | § | IN THE 80TH |
| | § | |
| Plaintiff, | § | |
| VS. | § | JUDICIAL DISTRICT COURT |
| | § | |
| CLAUDILL, TROY | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Steve Regan** who, being by me duly sworn, deposed and said:

"The following came to hand on **Nov 30, 2020, 12:44 pm,**

CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,

and was executed at **1093 Henderson Hwy, Breaux Bridge, LA 70517** within the county of **Saint Martin** at **09:30 AM** on **Wed, Dec 02 2020**, by delivering a true copy to the within named

GUIDRY'S CATFISH INC BY DELIVERING TO ITS VICE-PRESIDENT, SANDRA GUIDRY ROBERTSON

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Louisiana. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_____
Steve Regan

BEFORE ME, a Notary Public, on this day personally appeared **Steve Regan**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  _12-3-20_

_____
Notary Public, State of Louisiana

OFFICIAL SEAL
PAUL J. GUILLIOT
NOTARY ID #06574
NOTARY PUBLIC
LAFAYETTE PARISH
COMMISSIONED FOR LIFE

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMONIQUE MAJOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | _____ |
| TROY CAUDILL AND | § | |
| GUIDRY'S CATFISH, INC. | § | |
| | § | |
| Defendants. | § | |

## CORPORATE DISCLOSURE STATEMENT

TO THE HONORABLE COURT:

Guidry's Catfish, Inc., Defendant in the above-styled cause, pursuant to Rule 7.1

of the Federal Rules of Civil Procedure, states the following:

Guidry's Catfish, Inc. does not have any parent corporation. No publicly held

Company owns ten percent (10%) or more of Guidry's Catfish, Inc.'s stock.

Respectfully Submitted,

*/s/ Sonia B. Alfaro*
**SONIA B. ALFARO**
State Bar No. 24086849
**DAVID J. McTAGGART**
State Bar No. 00784582
**MEADERS & ALFARO**
Two Riverway, Suite 845
Houston, TX 77056
Telephone: (713) 403-3122
Facsimile: (855) 602-8224
Email: salfaro@meaderslaw.com
**ATTORNEYS FOR DEFENDANTS
TROY CAUDILL AND GUIDRY'S
CATFISH, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all known counsel of record on the 31st day of December, 2020 via electronic service in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Donald G. DeSimone
DESIMONE LAW OFFICE
4635 Southwest Freeway, Suite 850
Houston, Texas 77027
Email:  ddesimone@desimonelawoffice.com
*Attorneys for Plaintiff*

*/s/ Sonia B. Alfaro*
**SONIA B. ALFARO**